IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


BERDINO J. ARTHUR,

        Plaintiff,

vs.                                                                      No. CV 16-1220 KG/LF

GEORGE A. HARRISON,

        Defendant.


**MEMORANDUM OPINON AND ORDER**

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(e)(2) on the Prisoner's Civil Rights Complaint filed by Plaintiff Berdino J. Arthur on November 7, 2016. (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted and will impose a "strike" under 28 U.S.C. § 1915(g).

Plaintiff Berdino J. Arthur pled guilty/no contest to charges of child abuse resulting in great bodily harm and aggravated battery against a household member in New Mexico cause no. D-116-CR-2008-00611.[1] Judgment on his conviction and sentence was entered on October 28, 2008. Following entry of Judgment on his conviction, Arthur sought to withdraw his guilty/no contest plea. The Court denied his Motion. Arthur then filed a New Mexico Petition for Writ of Habeas Corpus, alleging ineffective assistance and constitutional violations by his defense

---

[1] The Court takes judicial notice of the official New Mexico court records in Arthur's criminal case, D-116-CR-2008-00611. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon disposition of case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is official court record subject to judicial notice under Fed.R. Evid. 201).

1

counsel, George A. Harrison. The Petition was denied by the District Court, and the New Mexico Supreme Court declined to grant a writ of certiorari to review the District Court's ruling. *See* D-116-CR-2008-00611. At the time his Complaint was filed, Plaintiff Arthur was incarcerated at the Guadalupe County Correctional Facility on the sentence imposed in D-116-CR-2008-00611. (Doc. 1 at 1).

Plaintiff Arthur filed his Prisoner's Civil Rights Complaint on November 7, 2016. (Doc. 1). In his Complaint, Arthur names Attorney George A. Harrison as the sole Defendant. (Doc. 1 at 1, ¶ 2). Arthur alleges that Defendant Harrison was his private attorney in case no. D-116-CR-2008-00611, and that Attorney Harrison "violated the Rules of Professional Conduct by misrepresentation [sic] me and false statements of material fact on my behalf." (Doc. 1 at 1). Arthur contends the misrepresentation and false statement violated his due process rights. (Doc. 1 at 2). He seeks an order vacating his criminal conviction and sentence and $50,000,000 in damages. (Doc. 1 at 5).

  *1. <u>Failure to State a Claim:</u>* Plaintiff Arthur is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court may dismiss an *in forma pauperis* complaint for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court accepts well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570; *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Under § 1915(e)(2)(B) the Court may dismiss the complaint if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *see also Hall v. Bellmon,* 935 F.2d at 1109. The Court is not required to accept the truth of the plaintiff's allegations but may go beyond the pleadings and consider any other materials filed by the parties. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

Although the Court liberally construes the factual allegations, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims, nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

**2. *Arthur's Complaint Fails to State a Claim for § 1983 Relief:*** To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff's complaint must "make clear exactly *who* is alleged to have done *what to whom.*" *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008). Generalized allegations against "defendants" or "officers,"

without identification of individual actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

The Complaint filed by Arthur fails to state a claim for relief under the § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) standards. Section 1983 states:

> Every person who, ***under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,*** *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that attorneys acting as criminal defense counsel cannot be sued under § 1983 because they do not act under color of state law. *See Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). An attorney does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325. The Complaint makes no allegations against Defendant Harrison other than that he was performing a lawyer's traditional functions as defense counsel to Arthur in the state criminal proceeding. Because Arthur's claims all are based on allegations regarding the functions of counsel in his criminal case, Defendant Harrison is not a state actor and the complaint against him fails to state a § 1983 claim for relief. *Polk,* 454 U.S. at 325.

In addition to the lack of action under color of state law, Arthur's Complaint fails to state a claim for relief because it is barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). In *Heck,* the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. 512 U.S. at 487. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed. *Id.* Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief also are barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005); *see also Edwards v. Balisok,* 520 U.S. 641 (1997).

Arthur's Prayer for Relief specifically asks the Court to vacate and set aside his criminal sentence and award him damages. (Doc. 1 at 5). Arthur's request for relief clearly necessitates the invalidation of his sentence. Because a favorable ruling on Arthur's claims would require treating his sentence in D-116-CR-2008-00611 as invalid, the civil rights claims in the Complaint fail to state a claim upon which relief can be granted and must be dismissed under the *Heck* doctrine. *See Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir. 1999).

### 3. *Arthur Will Not Be Granted Leave to Amend his Complaint:*

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court will dismiss Arthur's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Any amendment to Arthur's claims would still be barred under the *Heck* doctrine and would be

subject to immediate dismissal. Therefore, the Court will dismiss without leave to amend. *Bradley v. Val-Mejias,* 379 F.3d at 901.

***4. The Court Will Impose a Second § 1915(g) Strike:***  When it enacted the *in forma pauperis* statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the costs. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). Indeed, a citizen should have an opportunity to pursue a meritorious claim. However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Noting that prisoner suits represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims. *Jones v. Bock,* 549 U.S. 199, 202-04 (2007).

Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Because the Court concludes that Arthur's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the PLRA § 1915(g). The Court also notes that a previous Complaint filed by Arthur, *Berdino Joe Arthur v. State of New Mexico, et al.,* No. CV 16-00843 MCA/LF, was dismissed for failure to state a claim (CV 16-00843 Doc. 14), and so that dismissal constitutes another strike under §

6

1915(g). Arthur is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) the Prisoner's Civil Rights Complaint filed by Plaintiff Berdino J. Arthur on November 7, 2016 (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted; and

(2) a second **STRIKE** is imposed against Plaintiff Arthur under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE